1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE JAMES BROOKS,

       Plaintiff,

  v.

DETECTIVE SCOTT, *et al.*,

       Defendants.

Case No.  C9-0758RSL

ORDER GRANTING MOTION TO
DISMISS, GRANTING MOTION
FOR JUDGMENT ON THE
PLEADINGS, AND GRANTING
MOTION FOR SUMMARY
JUDGMENT

       This matter comes before the Court on dispositive motions filed by defendants and

on a Report and Recommendation from the Honorable James P. Donohue, United States

Magistrate Judge.  In the Report and Recommendation, Magistrate Judge Donohue

recommends that the Court grant defendant Delta Air Lines' motion to dismiss, grant the

Port of Seattle's motion to dismiss, and deny the King County defendants' motion for

summary judgment with leave to renew the motion upon the submission of sufficient

evidence.

       The Court adopts Magistrate Judge Donohue's summary of the facts and

procedural background, and his analysis and conclusions regarding Delta's and the Port's

ORDER GRANTING MOTIONS - 1

1   motions to dismiss.  The Court writes this opinion to address the King County

2   defendants' motion for summary judgment.  The King County defendants include the

3   King County Department of Adult and Juvenile Detention (the "King County Jail") and

4   Detective Scott.[1]

5       Plaintiff signed a waiver of extradition on April 20, 2007 that contained the

6   following language: "I waive extradition, and consent to being returned to the State of

7   ALABAMA."  Second Galloway Decl., Ex. B.  The waiver also contained the following

8   language in a separate paragraph: "The defendant shall be transported within 14 days of

9   completion of all Snohomish County holds.  A review hearing shall be set for May 8,

10  2007 at 1 pm."  Id.  Plaintiff contends that his waiver of his extradition rights "expired

11  and/or became null and void because he was not transported within the fourteen days and

12  not provided further procedur[al] due process prior to the expiration of the fourteen days

13  [sic] term and conditions set out in the waiver of extradition."  Plaintiff's Opposition to

14  Defendants' Motion for Summary Judgment at p. 1.

15      In opposing the King County defendants' motion for summary judgment, plaintiff

16  stated that he was suing King County "as employer/supervisor" of Detective Scott.

17  Section 1983, however, does not impose respondeat superior liability.  See, e.g., Monell

18  v. Dep't of Social Services of City of New York, 436 U.S. 658, 691-94 (1978).  Instead,

19  as the Report and Recommendation noted, a plaintiff seeking to impose § 1983 liability

20

21          [1] After Magistrate Judge Donohue issued his Report and Recommendation and

22  after the parties filed their respective objections, the King County defendants filed two
    "supplements" in support of their previously-filed objections (Dkt. # 112, 116).  Because

23  the documents were belatedly submitted and the Court's rules do not permit
    "supplements," the Court did not consider them.  However, they provide further support

24  for the King County defendants' contention that plaintiff consented to being extradited
    back to Alabama.  Similarly, the Court did not consider plaintiff untimely response to the

25  King County defendants' objections.

26  ORDER GRANTING MOTIONS - 2

on a municipality must identify the policy or custom that caused his injury.  See, e.g.,

Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997).  Magistrate Judge

Donohue explicitly notified plaintiff of that requirement in a prior order informing him of

the deficiencies in his complaint and directing him to file a second amended complaint.

(Dkt. #18 at p. 2, explaining the requirement of identifying a policy or custom that caused

plaintiff's injury, noting that he had not alleged the existence of such a policy by the King

County Jail, and warning that his claim would be dismissed if he failed to identify such a

policy).  Despite that prior admonition, plaintiff has not identified any policy or custom

that caused his injury.  Accordingly, his Section 1983 claim against the King County Jail

fails as a matter of law.

Plaintiff also alleges that Detective Scott discriminated against him based on his

race, but he offers no evidence or arguments in support of that claim, which he appears to

have abandoned.  Regardless, that claim fails based on a lack of evidence.  Plaintiff also

contends that Detective Scott facilitated his unlawful continued detention.  Plaintiff's

filings are vague regarding what actions Detective Scott actually undertook.  He states

that on May 25, 2007, after "all Washington State holds were completed and the running

of the (14) days began in connection with the consent waiver," plaintiff "submitted a

number of writing [sic] to the King County Adult Detention Facility officials concerning

the extradition process, and had several officers on duty of the dorm in which the plaintiff

was housed to make calls to the officials concerning the required further due process.

And the consent waiver."  Amended Complaint at p. 2.  Plaintiff contends that based on

those "writings," Detective Scott "was fully aware of the potential violation" and should

have at least investigated the matter.  Id.  Plaintiff, however, fails to attach copies of the

ORDER GRANTING MOTIONS - 3

"writings" or describe their contents.[2]  Even if he contended therein that he did not waive extradition, plaintiff has not alleged that Detective Scott received or should have received a copy of the relevant writing.  Although plaintiff alleges that Detective Scott interviewed him on June 11, 2007, before his extradition, he does not state that he complained about his extradition at that time or mentioned his waiver.  Moreover, even if plaintiff subjectively believed that the waiver had a time limit, defendants' interpretation of and reliance on the waiver was certainly reasonable.  The waiver was in writing, signed in open court before a Superior Court Judge, explicitly waived extradition, contained no time limitation on the waiver itself, and explained, in writing, that plaintiff was not required to waive extradition.  Second Galloway Declaration, Ex. B.  For those reasons, Detective Scott is entitled to qualified immunity for his actions.  See, e.g., Hunter v. Bryant, 502 U.S. 224, 229 (1991) ("The qualified immunity doctrine gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.") (internal citation and quotation omitted).

For all of the foregoing reasons, the Court GRANTS Delta Air Lines' motion to dismiss (Dkt. #77), GRANTS the Port of Seattle's motion to dismiss (Dkt. #83), and

---

[2] In their answer to plaintiff's operative complaint, the King County defendants admitted that on May 25, 2007 "plaintiff kited to jail staff, and was advised to talk to his attorney."  Defendants' Answer at p. 2.  The record contains no evidence about the contents of the kite.

ORDER GRANTING MOTIONS - 4

1    GRANTS the King County defendants' motion for summary judgment (Dkt. #92).

2

3         DATED this 13th day of August, 2010.

4

5

6                                    _Robert S. Lasnik_

7                                    Robert S. Lasnik
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING MOTIONS - 5